1  Peter J. Van Zandt (SBN 152321)
   Peter.vanzandt@leclairryan.com
2  Lindsey S. Libed (SBN 278903)
   Lindsey.libed@leclairryan.com
3  LECLAIRRYAN, LLP
   44 Montgomery Street, 18th Fl.
4  San Francisco, CA 94104

5  Attorneys for Defendant
   PNC MORTGAGE, a division of PNC BANK, N.A.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 WAI CHEUNG & YIN WONG,               Case No.: 3:14-cv-03670-EDL

12              Plaintiffs,             MEMORANDUM OF POINTS &
                                        AUTHORITIES IN SUPPORT OF
13 vs.                                  DEFENDANT PNC MORTGAGE'S
                                        MOTION TO DISMISS PLAINTIFFS'
14 PNC MORTGAGE,                        COMPLAINT

15              Defendant.              DATE:      October 21, 2014
                                        TIME:      2:00 p.m.
16                                      CRTRM.:  E, 15th Floor
                                        JUDGE:     Elizabeth D. Laporte
17

18                                      Complaint Filed:  June 27 2014
                                        Trial Date:  not set yet
19

20

21              I.    INTRODUCTION

22        Defendant PNC MORTGAGE, a division of PNC BANK, N.A. (hereinafter "PNC") files

23 the instant Motion to Dismiss Plaintiffs WAI CHEUNG & YIN WONG's Complaint.  As

24 discussed herein, Plaintiffs' challenges are legally and factually unsupported.  Accordingly, PNC

25 respectfully requests that its Motion to Dismiss Plaintiffs' Complaint be granted without leave to

26 amend.

27

28
                                            1

## II.   STATEMENT OF FACTS

Plaintiffs' Complaint fails plead any factual allegations to support their claims for Wrongful Foreclosure, Fraud, Violation of Business & Professions Code Section 17200 *et seq*., Negligence, and Common Counts.  Plaintiffs plead common counts "for money had and received by Defendant for the use and benefit of Plaintiff" and "for monies paid to Defendant for Plaintiff at Defendants request, but not used for Plaintiff."  (*See* Complaint; Cause of Action – Common Counts.)

## III.   STATEMENT OF LAW

### 1.  Legal Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  (*Ileto v. Glock, Inc*. (9th Cir.2003) 349 F.3d 1191, 1199–1200.)  Review is limited to the contents of the complaint.  (*Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.* (9th Cir.1995) 69 F.3d 381, 385.)  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." (F.R.C.P. 8(a)(2).)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  (*Balistreri v. Pacifica Police Dep't*. (9th Cir.1990) 901 F.2d 696, 699.)  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  (*Outdoor Media Group, Inc. v. City of Beaumont*, (9th Cir.2007) 506 F.3d 895, 899–900.)  Nevertheless, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  (*Bell Atlantic Corp. v.*

*Twombly* (2007) 550 U.S. 544, 555 (citations and quotations omitted).)  Legally conclusory

statements, not supported by actual factual allegations, need not be accepted.  (*Ashcroft v. Iqbal*

(2009) 556 U.S. 662, 678–79.)

A motion to dismiss should be granted if the complaint does not proffer enough facts to

state a claim for relief that is plausible on its face.  (*Twombly*, *supra,* 550 U.S. at 558–59.)  A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  (*Iqbal, supra*,

556 U.S. at 678 (citation omitted).)  Here, Plaintiffs do not plead any facts to support their

entitlement to relief under any cognizable legal theory.

## 2.  Plaintiffs' Claim for Wrongful Foreclosure Fails Because Plaintiffs Have Not Alleged Tender.

To state a claim for wrongful foreclosure, Plaintiffs must demonstrate: (1) the foreclosure

proceedings are illegal, fraudulent, or willfully oppressive; (2) he was prejudiced or harmed; and

(3) he has tendered the secured indebtedness or is excused from tendering.  (*Lona v. Citibank,

N.A.* (2011) 202 Cal.App.4th 89, 104.)  Here, Plaintiffs' form complaint does not demonstrate

any required elements listed above.

Further, Plaintiffs do not allege whether the sale is "void" or "voidable," so as to

determine whether tender is required to state a claim for wrongful foreclosure.  Homeowners in

default must first tender payment in order to achieve standing to challenge non-judicial

foreclosure proceedings that are "voidable"; whereas homeowners do not have to allege tender in

order to achieve standing to challenge proceedings that are "void."  (*Lona, supra,* 202

Cal.App.4th at 112-114.)

If the sale is "voidable," Plaintiffs have not tendered in order to state a claim for wrongful

foreclosure.  California recognizes a claim for wrongful foreclosure under equitable principles.

(*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526, 134 Cal.Rptr.3d 604.)

3

1  "A full tender must be made to set aside a foreclosure sale, based on equitable principles.

2  [Citations.]" (*Id.*) The court in *Stebley* explained: "Allowing plaintiffs to recoup the property

3  without full tender would give them an inequitable windfall, allowing them to evade their lawful

4  debt." (*Id.*)  "[A] valid tender of performance must be of the full debt, in good faith,

5  unconditional, and with the ability to perform."  (*Intengan v. BAC Home Loans Servicing LP*

6  (2013) 214 Cal. App. 4th 1047, citing Cal. Civ. Code §§1486, 1493, 1494, 1495.)  A valid tender

7  of performance, required to be able to challenge the propriety of a mortgage foreclosure, must be

8  of the full debt, in good faith, unconditional, and with the ability to perform.  (Civ. Code §§ 1486,

9  1493, 1494, 1495.)  The tender must actually be made – an offer of tender is

10 insufficient.  (*Thompson v. Residential Credit Solutions, Inc.* (E.D. Cal. May 2, 2012) 2012 WL

11 1565688, at *5 (citations omitted).)  Conversely, a borrower's request for a loan modification

12

13 suggests he is unable to tender even the delinquency on his loan.  (*Id.*)

14         Further, Plaintiffs have not stated a violation of California's non-judicial foreclosure

15 statutes, Civil Code §2924 *et seq*., to show the foreclosure proceedings are wrongful.  (*Gomes v.*

16 *Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154-58 [where the California

17 Court of Appeal affirmed sustainment of demurrer to borrower's wrongful foreclosure claim

18 because borrower did not state a single violation of Civil Code §2924 *et seq*.].)

19         Finally, Plaintiffs have not demonstrated prejudice resulting from wrongful foreclosure,

20 and that the foreclosure proceedings would have been averted but for the legal deficiencies, to

21 state a claim for wrongful foreclosure.  (*Christiansen v. Wells Fargo Bank* (N.D. Cal. Oct. 1,

22 2012) 2012 WL 4716977, at *7 (citation omitted).)

23

24 **3.  Plaintiffs' Claim for Fraud Fails Because They Have Not Alleged Fraud with the Requisite Specificity.**

25 Fraud claims are subject to a heightened pleading standard under F.R.C.P. Rule 9(b),

26 which states that "[i]n alleging fraud or mistake, a party must state with particularity the

4

circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In federal court, negligent misrepresentation claims must be pled with the same specificity as fraud claims, and are subject to the Federal Rule of Civil Procedure Rule 9(b) standard. (*Harvey v. Bank of America, N.A.* (N.D. Cal. 2012) 906 F.Supp.2d 982, 995 [where the court held that the mortgagor failed to allege with particularity the content of mortgagee's allegedly fraudulent promise, when it occurred, and why it was false, as required to state claims under California law for mortgagee's intentional and negligent misrepresentation, which allegedly caused mortgagor to stop making mortgage payments in order to qualify for loan modification under Home Affordable Modification Program (HAMP).]) The elements of a fraud claim are: (1) misrepresentation of a material fact; (2) knowledge of falsity; (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) damage. (*Aspiras v. Wells Fargo Bank, N.A.* (Cal. Ct. App., Aug. 21, 2013) 219 Cal.App.4th 948, 957.) Here, Plaintiffs have not met their burden of pleading facts that show how, when, where, to whom, and by what means the fraudulent representations were tendered. *Id*. (citation omitted). Plaintiff has not even identified the material fact that was allegedly misrepresented.

PNC is a corporate entity, and so Plaintiffs must plead the names of the persons who made the allegedly false representations, their authority to speak for PNC, to whom they spoke, what they said or wrote, and when it was said or written. (*Aspiras, supra,* 219 Cal.App.4th at 957.) Plaintiff does not identify the names of the persons who made the allegedly false representations, or their authority to speak for the bank, as required. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638; *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157-158; and Civil Code Section 1710.)

/ / / /

/ / / /

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT PNC MORTGAGE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
13740290.1

### 4.   Plaintiffs' Claim for Unfair Business Practices Fails Because Plaintiffs Lack Standing and Cannot State a Substantive Claim Under the UCL.

#### A.   Plaintiffs Lack Standing Under the UCL.

To have standing to state a claim under Business and Professions Code §17200 *et seq*. (the "UCL"), Plaintiff must have suffered injury in fact and lost money or property as a result of defendants' unfair competition.  (Bus. & Prof. Code §17204.)  Here, Plaintiffs do not allege that they have lost their home or that foreclosure has taken place.  Under *Jones v. CitiMortgage, Inc.* (E.D. Cal. Apr. 19, 2013), 2013 WL 1704304, Plaintiffs lack standing to bring a UCL claim because "they were obligated to pay their loan and faced foreclosure if they failed to meet their obligations" and, accordingly, "foreclosure of the property fails to support a UCL claim in the absence of allegations of the [borrowers'] performance to avoid default."  (*Jones*, 2013 WL 1704304, at *11.)

#### B.   Plaintiff Cannot State a Substantive Claim Under the UCL.

Liability under California's Unfair Competition Law ("UCL") is generally derivative of liability under another statutory violation.  (*Taguinod v. World Sav. Bank, FSB* (C.D.Cal.2010) 755 F.Supp.2d 1064.)  Here, Plaintiffs do not allege the underlying statutory violation on which their UCL claim is based.

Plaintiffs fail to state a predicate claim that would support a claim under the "unlawful" prong of the UCL.  (*Altman v. PNC Mortg.* (E.D. Cal. Jan. 20, 2012) 2012 WL 174966, at *14 (citation omitted).)  "Unlawful practices" prohibited by unfair competition statute are any practices forbidden by law be it civil or criminal, federal, state, or municipal, statutory, or court-made; it is not necessary that predicate law provide for private civil enforcement.  (*Saunders v. Superior Court* (2nd Dist. 1994) 27 Cal.App.4th 832, 838-839.)

Plaintiffs fail to state a claim under the "unfair" prong.  "Unfair" simply means any practice whose harm to the victim outweighs its benefits.  (*Motors, Inc. v. Times Mirror Co.*

6

(1980) 102 Cal.App.3d 735, 740 543.) Plaintiffs have not shown how the harm they experienced outweighs the benefits of the practices alleged to be in violation of the UCL. This is likely because they have not yet been harmed in this case. Moreover, Plaintiffs have not alleged how PNC engaged in conduct that "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws." (*Heald v. National City Mortgage* (S.D. Cal. Nov. 10, 2011), 2011 WL 5513226, at *7, citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal.4th 163 (1999); *Orozco v. DHI Mortg. Co. LTD, L*.P., 2010 WL 2757285, at *7 (S.D. Cal. July 13, 2010) [failure to tether allegations of unfairness to an underlying law warrants dismissal].)

Plaintiffs fail to state a claim under the "fraudulent" prong. "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public "are likely to be deceived." (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267, 10 Cal.Rptr.2d 538, 833 P.2d 545.) Plaintiffs do not demonstrate how Defendants' conduct deceived members of the public, applying a reasonable consumer standard. (See *Pinel v. Aurora Loan Services, LLC* (N.D. Cal. Aug. 30, 2011) 814 F. Supp. 2d 930, 941 (citations omitted).)

### 5. Plaintiffs' Claim for Negligence Fails Because PNC Did Not Owe Plaintiffs a Duty of Care.

Plaintiffs do not indicate the act or omission that underlies their claim for negligence. However, PNC did not owe Plaintiffs a duty when it extended them the loan. (*Jent v. Northern Trust Corp*. (E.D. Cal., Oct. 28, 2013) 2013 WL 5806024, at *3 ("An arm's length transaction between lender and borrower does not create an actionable duty of care"), citing, e.g., *Nymark v. Heart Fed. Sav. & Loan Assn*. (1991) 231 Cal.App.3d 1089, 1096.) Further, to the extent Plaintiffs' claim for negligence arises from the loan modification process, PNC did not owe Plaintiffs a duty related to the same. (See, e.g., *Id*. (general rule that lender does not owe

borrower a duty is also applicable to servicers), citing *Argueta v. J.P. Morgan Chase* (E.D. Cal. June 30, 2011) 2011 WL 2619060, at *4); *Sanguinetti,* 2013 WL 4838765, at *6 (loan servicer does not owe borrowers a duty of care because "[l]oan modifications are part of the lending process, and negotiating a lending agreement's terms is one of a bank's key functions.").) Further, Plaintiff fails to allege what PNC's supposed duty was or how that duty was allegedly breached.

**6.  Plaintiffs' Claim for Common Counts Fails Because They Have Not Alleged that the Money Was Returned to Plaintiffs.**

In order to state a claim for common counts, Plaintiffs must allege that PNC received money that was intended to be used for the benefit of Plaintiffs; that the money was not used for the benefit of Plaintiffs; and that PNC has not given the money to Plaintiffs.  (*See Avidor v. Sutter's Place, Inc.* (2013) 212 Cal.App.4th 1439, 1454; *see also* California Civil Jury Instruction No. 370.)  Here, Plaintiffs allege common counts "for money had and received by Defendant for the use and benefit of Plaintiff" and "for monies paid to Defendant for Plaintiff at Defendants request, but not used for Plaintiff."  (*See* Complaint; Cause of Action – Common Counts.)  They have not alleged that PNC has not given the money to Plaintiffs, as required under *Avidor.*

**IV.    CONCLUSION**

Plaintiffs do not plead any factual allegations as to causes of actions for Wrongful Foreclosure, Fraud, Violation of Business & Professions Code Section 17200 *et seq.*, Negligence, and Common Counts.  Accordingly, PNC respectfully requests that its Motion to Dismiss the aforementioned claims be granted without leave to amend and that judgment be entered in PNC's favor and against Plaintiffs.

/ / / /

/ / / /

/ / / /

1  DATED:   August 20, 2014                    LeClairRyan, LLP

2

3                                        By:      /s/ Lindsey S. Libed
                                                 Peter J. Van Zandt
4                                                Lindsey S. Libed
                                                 Attorneys for Defendant
5                                                PNC BANK, N.A.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT PNC MORTGAGE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
13740290.1