UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAI CHEUNG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC MORTGAGE,<br><br>    Defendant. | Case No. 14-cv-03670-EDL<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 14 |

On December 5, 2014, Defendant filed this motion to dismiss. For the reasons set forth below, Defendant's motion is GRANTED.

**I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiffs allege that although they obtained a mortgage from National City Mortgage ("National City"), their mortgage was sold to Defendant in October 2009. After the sale, Plaintiffs allege that Defendant "did not send a notice to [Plaintiff] [W]ong regarding the change in servicing or where to send the payment." (Cmplt. ¶¶ 5, 7.)[1] Plaintiffs allege that they continued to make payments to National City after Defendant purchased their mortgage and, as a result, they went into default in November 2009. (Id. ¶ 7.) Plaintiffs further allege that their payments "remained behind when [Defendant] serviced the loan" and that the property was foreclosed upon. (Id. ¶¶ 8-9.) However, Plaintiffs allege that they were subsequently able to repurchase the

---

[1] Plaintiffs abandon this allegation in their opposition. (See Opp. at 5.) The allegation is also contradicted by of a conditional approval letter of which Defendants request that the Court take judicial notice from the Comptroller of the Currency regarding the PNC Financial Service Group, Inc.'s application to merge National City Bank with and into PNC Bank, N.A. Because Plaintiffs do not oppose this request and other courts in this district have taken judicial notice of similar letters, Defendant's request is GRANTED. See DeLeon v. Wells Fargo Bank, N.A., 2010 WL 4285006, at *2-3 (N.D. Cal. Oct. 22, 2010) (Koh, J.) (taking judicial notice of a merger letter from the Office of Comptroller of the Currency); Lopez v. Wachovia Mortgage, 2010 WL 2836823, at *2 (N.D. Cal. July 19, 2010) (Alsup, J.) (taking judicial notice of similar documents); Fiorilli v. Wells Fargo Bank, N.A., 2014 WL 3908612, at *2 n.1 (N.D. Cal. Aug. 7, 2014) (Ryu, J.) (same).

1  property. (Id. ¶ 11.) Plaintiff Wong alleges that due to the foreclosure, she lost her job, has
2  suffered from elevated blood pressure, headaches, suicidal tendencies, and has become
3  permanently disabled. (Id. ¶ 12.)
4        On June 27, 2014, Plaintiffs filed this action in the Superior Court of California.
5  Defendant removed this action to this Court on August 13, 2014. On October 14, 2014, this Court
6  dismissed the original complaint after Plaintiffs failed to respond to Defendant's motion to
7  dismiss. On November 14, 2014, Plaintiffs filed an amended complaint that alleges claims for: (1)
8  negligence; (2) fraudulent nondisclosure; (3) violation of California's Unfair Competition Law
9  ("UCL"); (4) financial elder abuse; and (5) intentional infliction of emotional distress ("IIED").

## II. STANDARD OF REVIEW

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Furthermore, a court also need not "accept as true allegations that contradict matters properly subject to judicial notice." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. Negligence

Under California law, lenders generally do not owe borrowers a duty of care unless their involvement in the loan transaction exceeds the scope of their "conventional role as a mere lender of money." See Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal.App.3d 1089, 1095-96

(1991) (citations omitted). To determine "whether a financial institution owes a duty of care to a borrower-client," courts must balance the following non-exhaustive factors:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to h[er], [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Id. at 1098 (quotation marks and citations omitted). Plaintiffs allege that Defendant owed them a duty to inform them "of the change in servicing" and Defendant's failure to do so resulted in stress which caused Plaintiff Wong's disability. (Cmplt. ¶¶ 18-22.) In their opposition, Plaintiffs argue that Defendant mishandled their payments and did not apply them to their account. (Opp. at 5.)

As an initial matter, this claim fails since all Parties agree that the basis for liability alleged in the complaint, that there was a "change in servicing," did not actually occur. (See id.) Furthermore, even under Plaintiffs' new theory argued in their opposition, it is unclear how the foreclosure proximately caused Plaintiff Wong to lose her job and become permanently disabled due to mental illness; additionally, even if causation were adequately alleged, foreseeability would be lacking. See Ballard v. Uribe, 41 Cal. 3d 564, 587 (1986) ("When an injury results from a later cause of independent origin, the question of proximate cause 'revolves around a determination of whether the later cause of independent origin, commonly referred to as an intervening cause, was foreseeable by the defendant or, if not foreseeable, whether it caused injury of a type which was foreseeable.'" (quoting Hoyem v. Manhattan Beach City Sch. Dist., 22 Cal. 3d 508, 521 (1978))). Indeed, Plaintiffs acknowledged at oral argument that Plaintiff Wong was mentally ill prior to the foreclosure. Therefore, Plaintiff has failed to state a claim.

**B. Fraudulent Nondisclosure**

Plaintiffs allege that Defendant violated a duty of care owed to them by "failing to inform Plaintiffs that their loan was being transferred." (Cmplt. ¶ 24.) However this claim fails because all Parties agree that there was no transfer. (See Opp. at 5.) Furthermore, Plaintiffs abandoned this claim by not addressing it in their opposition. Therefore, as stated at the hearing, the Court dismisses this claim with prejudice.

### C. UCL

Sections 17200 and 17500, et seq. (California's Unfair Competition Law ("UCL")) prohibit "any unlawful, unfair or fraudulent business act or practice. This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Lomboy v. SCME Mortgage Brokers, 2009 WL 1457738, at *7 (N.D. Cal. May 26, 2009) (Conti, J). Because Plaintiff's UCL claim is premised on the above two claims, which the Court dismisses, this claim fails as well.

### D. Financial Elder Abuse

Elder abuse occurs "'when a person or entity . . . [t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both or by undue influence." Bounds v. Superior Court, 229 Cal. App. 4th 468, 478 (2014) (internal quotation marks and citations omitted). "A taking is for a wrongful use when a party knew or should have known that [its] conduct is likely to be harmful to the elder . . . adult." Id. (internal quotation marks and citations omitted).

As with the claims discussed above, the factual basis for this claim alleged in the complaint is that Defendant failed to inform Plaintiffs of the alleged change in servicing. Since the Parties agree that there was no change in servicing, this claim fails. Furthermore, even if it had been pled in their complaint, it is doubtful that Plaintiffs' new theory that Defendant failed to process their mortgage payments would be timely. Elder abuse claims must be filed within "four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." Cal. Welf. & Inst. Code § 15657.7. Defendants argue that the notice of default in November 2009 triggered the statute of limitations. However, Plaintiffs claim that their cause of action did not accrue until sometime later, perhaps July 21, 2010, when the property was actually foreclosed upon. Although neither Party cites authority directly on point, this Court finds persuasive the logic of Bounds. That case found "troubling" an interpretation of the statute of limitations which would have allowed "a person or entity who seeks to defraud an elder into transferring title to property, or to obtain title through

undue influence, [to] be immune from the remedies available under the Act until the object of the abuse was achieved—a transfer of title from the elder to the abuser." 229 Cal. App. 4th at 480. The Court reasoned that such an interpretation would "require the victim of financial elder abuse to wait to file suit" and thus would be contrary to the legislative purpose of "prohibiting a taking by undue influence" and of protecting "elderly individuals with limited or declining cognitive abilities from overreaching conduct that resulted in a deprivation of their property rights." Id. at 481. Although Bounds did not involve a mortgage foreclosure, it suggests that the Plaintiffs' cause of action accrued with the notice of default.

### E. IIED

"The elements for a prima facie case of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) causation of the emotional distress by the defendant's outrageous conduct." Love v. Permanente Med. Grp., 2013 WL 1402890, at *4 (N.D. Cal. Apr. 5, 2013) (Rogers, J.). Plaintiff alleges that Defendant's actions "were knowing, intentional, and willful and done with a reckless disregard of the probability of causing Plaintiffs' severe emotional distress." (Cmplt. ¶ 51.) As stated at the hearing, Plaintiffs' claim fails because their allegations are entirely conclusory and Plaintiffs do not allege outrageous conduct.

## IV. CONCLUSION

Defendant's motion to dismiss is GRANTED. Plaintiffs are granted leave to amend on all claims except for their fraudulent nondisclosure claim, which the Court dismisses with prejudice. As stated at the hearing, Plaintiffs are only granted leave to amend with respect to claims alleged in the first amended complaint and Plaintiffs may not assert additional claims. Plaintiffs' second amended complaint shall be filed no later than March 3, 2015.

**IT IS SO ORDERED**.

Dated: February 23, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge